UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE STEPHEN CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY DETENTION FACILITY, et al.,<br><br>　　　　Defendants. | No. 13-cv-2079 AC P<br><br><br>ORDER |

　　　Plaintiff, a Solano County jail inmate, is proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
3  1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

9  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.

16 A complaint must contain more than a "formulaic recitation of the elements of a cause of
17 action;" it must contain factual allegations sufficient to "raise a right to relief above the
18 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading
19 must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
20 a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and
21 Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual
22 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
23 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has
24 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
25 reasonable inference that the defendant is liable for the misconduct alleged." Id.

26 In reviewing a complaint under this standard, the court must accept as true the allegations
27 of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
28 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

2

the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

Plaintiff has named the Solano County Detention Facility as the defendant.  He alleges that unidentified medical providers at the facility have treated an undisclosed injury with an unidentified "product" that is not effective, refusing to provide him with adequate medical treatment so that his injury might heal.  As relief, he seeks money damages for his pain and "agony," and injunctive relief in the form of surgery for the problem in his "lower abdomen."  See Complaint.

Plaintiff's allegations fail to comply with Rule 8 of the Federal Rules of Civil Procedure which requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990)).  Although the Federal Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim."  Id. (internal citation/quotation marks omitted).  Plaintiff fails to identify any individual defendants; he fails to clarify what injury he sustained or what medical condition he has or had that required medical greater attention than he received.  He does not specify how the treatment he received was deficient.

In order to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that the defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in

1  further significant injury or the unnecessary and wanton infliction of pain.  Indications that a

2  prisoner has a serious need for medical treatment are the following:  the existence of an injury

3  that a reasonable doctor or patient would find important and worthy of comment or treatment; the

4  presence of a medical condition that significantly affects an individual's daily activities; or the

5  existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-

6  41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).

7  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX

8  Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

9       In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very

10  demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S.

11  at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

12  which is so obvious that it should be known) is insufficient to establish an Eighth Amendment

13  violation.  Id. at 836-37.  It not enough that a reasonable person would have known of the risk or

14  that a defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is

15  established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to

16  inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal

17  citation omitted) (emphasis added).

18       A physician need not fail to treat an inmate altogether in order to violate that inmate's

19  Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A

20  failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may

21  constitute deliberate indifference in a particular case.  Id.  However, mere differences of opinion

22  concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

23  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344

24  (9th Cir. 1981).  Nor is a mere delay in medical care (without more) or a difference of opinion

25  over proper medical treatment, sufficient to constitute an Eighth Amendment violation.  See, e.g.,

26  Estelle,, 429 U.S. at 105-06;  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012); see also,

27  Toguchi, 391 F.3d at 1058-60; Jackson v. McIntosh, 90 F.3d at 332; Sanchez v.Vild, 891 F.2d

28  240, 242 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404,

1  407 (9th Cir.1984).

2      The complaint will be dismissed, but plaintiff will be granted twenty-eight days to file an
3  amended complaint.  If plaintiff chooses to amend the complaint, he must demonstrate how the
4  conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v.
5  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
6  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
7  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
8  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
9  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
10  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
11  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
13  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
14  complaint be complete in itself without reference to any prior pleading.  This is because, as a
15  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
16  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
17  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
18  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19      In accordance with the above, IT IS HEREBY ORDERED that:

20      1. Plaintiff's request for leave to proceed in forma pauperis is granted.

21      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
22  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
23  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
24  Director of the California Department of Corrections and Rehabilitation filed concurrently
25  herewith.

26      3. Plaintiff's complaint is dismissed.

27      4. Plaintiff is granted twenty-eight days from the date of service of this order to file an
28  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

of Civil Procedure, and the Local Rules. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

DATED: March 10, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE